UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:09-cv-01090-RCJ-LRL |
| vs. ) | |
| ) | |
| BRIAN E. WILLIAMS et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

     This 42 U.S.C. § 1983 case arises out of persistent sores Plaintiff suffered while incarcerated at the Southern Desert Correctional Center ("SDCC") in Clark County, Nevada. Pending before the Court is Plaintiff's Motion to Reopen Case (ECF No. 14). For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL HISTORY

     According to the Complaint, Plaintiff suffered painful sores over a large portion of his body while incarcerated at SDCC. Plaintiff alleged that Defendants had been deliberately indifferent to his medical needs because the treatment and medication provided by prison doctors did not cure the sores, and Defendants did not consult an outside specialist for "months and months." Plaintiff sued Defendants in this Court, bringing two causes of action for civil rights violations: (1) Deliberate Indifference Under the Eighth Amendment; and (2) Due Process Violations Under the Fourteenth Amendment. The Court dismissed the second claim with prejudice upon screening, as well as any claims against Defendants in their official capacities. Defendants moved to dismiss the remaining claims, and the Court granted the motion after

Plaintiff failed to respond.  Defendants noted they had been unable to contact Plaintiff to serve him with any pleadings because he had failed to inform the Court of his change of address since he was released from SDCC on June 21, 2009, four days after Plaintiff filed his Application for Leave to Proceed in Forma Pauperis.  The record indicated that the *Klingele* notice pertaining to the motion to dismiss had been returned as undeliverable.  Plaintiff has now asked the Court to reopen the case under Rule 60(b)(6).

**II.     DISCUSSION**

Plaintiff argues that after the Court screened the Complaint, he was moved to a camp within the Nevada Department of Corrections ("NDOC") and that he attempted to file a change of address with the Court through the law library, but that the Clerk apparently never received it. Defendants note in response that Plaintiff was released from their custody on June 21, 2009. However, the Offender Information Summary attached by Defendants indicates that on June 21, 2009, Plaintiff was released to the New Beginnings Half-way House (the "camp," in Plaintiff's words), and that he was not recommitted to the custody of NDOC until March 19, 2013 upon his 12 to 30 month sentence for theft. (*See* ECF No. 15-1).

The present motion is not timely under Rule 60(c)(1).  Even if the Court could excuse Plaintiff's failure to correct his address in the four-and-a-half months between his arrival at the half-way house in June 2009 and the time the motion to dismiss was filed in November 2009, Plaintiff should reasonably have inspected the status of, and, if desired, moved to reopen, the case much sooner than three-and-a-half years after the order disposing of it.

Plaintiff replies that upon his release in June 2009 he was held over on warrants and transferred to the Clark County Detention Center ("CCDC"), where he was booked on several felony charges for which he served six months at CCDC.  Plaintiff does not account for the remainder of the intervening three-plus years except to note that he was arrested in November

2012 on the charges for which he is currently incarcerated.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reopen Case (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the Motion for Status Check (ECF No. 18) is DENIED as moot. That motion pertains to a motion to extend time to file the Reply that the Court has since granted.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge